EMILIO ACOSTA CANCEL, Petitioner, *v.* PUERTO RICO PLANNING, URBANIZING, AND ZONING BOARD, Respondent.

No. 16.   Argued June 1, 1950.—Decided June 19, 1950.

*José Sabater* for petitioner.   *Rafael R. Fuertes* and *A. Sandín del Manzano,* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On May 3, 1949 Emilio Acosta Cancel appeared before the Puerto Rico Planning, Urbanizing and Zoning Board [1] with a declaration of intent to subdivide a parcel of land consisting of 276 square meters located on San Rafael Street in Mayagüez.   On the back of his declaration he stated the description of the lot he wished to subdivide as well as its area which was 162.29 square meters, that there was a wooden and concrete house built on it and that there was a four-story building including a mezzanine on the remaining 113.71 square meters.

By an order of June 8, 1949 the Board disapproved the subdivision sought.   It based its decision on the fact that if it were approved there would be two lots with area of 162.29 square meters and 113.71 square meters thereby violating § 51 of the Subdivision Regulations which requires an area of 300 square meters;  and that the lot to be segregated would lack adequate access to a public street, a minimum requirement, among others, prescribed by the Board for areas sought to be subdivided.   Acosta Cancel moved

[1] We shall hereinafter designate the latter throughout this opinion as the Board.

for a reconsideration of the decision so rendered based on the ground that, as a matter of fact, a house has been standing for more than sixty years on the lot proposed to be subdivided; that that house as well as the lot on which it stands and the remainder of the lot were acquired by Bartolo Fortunet, former owner, who being a contractor, and upon noticing that close to said house there was an inaccessible cliff which reached San Rafael Street, removed all the soil which formed the cliff and erected on the land so levelled a four-story building, which is bounded on the front by San Rafael Street and on the east it has access through an exit which the Pujals Urbanization has had from time immemorial; that in order to erect this last building Fortunet sought and obtained permission from the Health Department, that his drawings were approved and his property tax returns were filed and the same have always been paid by Fortunet as well as by Acosta Cancel; and that both properties so described are mortgaged for the sum of $26,000 and the purpose of the segregation is to sell the old house and raise funds in order to reduce the mortgage debt.

A hearing was set by the Board and postponed at the petitioner's request, it being finally held on October 19, 1949. During the hearing, Acosta Cancel presented the testimony of several witnesses, as well as photographs of the buildings constructed and the different accesses to them. The Board dismissed the petition for reconsideration, stating in its decision (1) that the alleged access from both lots to public streets does not constitute the adequate access contemplated by § 32 of the Subdivision Regulations (Revised); (2) that the buildings constructed on both lots were erected subsequent to September 4, 1944, when the Subdivision Regulations were already in force, which therefore are applicable to the proposed subdivision insofar as its provisions refer to the formation of lots and the minimum requirements to be demanded in order to comply with the purpose of Act No. 213 of 1942 as subsequently amended; and (3) that since the

factual situation existing in this case was created subsequent to the enforcement of Act No. 213 of 1942 and the Subdivision Regulations, both legal bodies are applicable in full to the present case.

Acosta Cancel then appeared in this Court seeking a review as authorized by the last paragraph of § 26 of Act 213 of May 12, 1942 (p. 1106), as amended by Act No. 429 of April 23, 1946 (pp. 1218, 1230). He maintains that said Board committed error in deciding: (1) that the accesses of both buildings are inadequate (2) that both buildings were constructed subsequent to September 4, 1944; and (3) that the decision of the Board disapproving the segregation of the lot amounts to a confiscation of property without due process of law and without compensation.

██ By § 26 of Act No. 213 of 1942, as amended by Act No. 429 of 1946, any party directly interested in the refusals and disapprovals of the Planning Board, against which a petition for reconsideration has been filed within the term of fifteen days and denied by the Board, may present in this Court also within a term of fifteen days a petition for review. This Section provides, nevertheless, that "said review . . . may be granted and shall be limited exclusively to questions of law."

The first two errors assigned do not raise any question of law. They are merely directed to the weighing of the evidence. Of course, if the weighing of the evidence made by the Board is arbitrary, that would constitute an error of law. However, since the evidence that the Board had before it in deciding the petition was not sent up to us, we are not in a position to arrive at the conclusion that the Board weighed the evidence arbitrarily nor, consequently, to dispose of the errors so assigned.

██ On the other hand, the decision of the Board in nowise confiscates the petitioner's property. He appeared before the Board requesting a subdivision and the latter after having heard him by brief and orally, denied the petition. If

the buildings standing on the lots which are sought to be subdivided herein were constructed subsequent to September 4, 1944, Act No. 213 of 1942, as subsequently amended and the regulation adopted by the Board pursuant to the provisions of § 10 thereof,[2] which became effective on the date indicated, were clearly applicable to the case before the Board. See: *Rivera* v. *Registrar*, 64 P.R.R. 440; *Matos* v. *Planning Board*, 66 P.R.R. 417; and *Fortunet* v. *Planning Board*, 67 P.R.R. 245. Since neither the lots, with respect to their size, nor the buildings with respect to their accesses, complied with the minimum requirements prescribed by the Board, the latter could very well deny the petition. In this there was no confiscation of property without due process of law.

The order of the Board will be affirmed.

[2] Section 10 of Act No. 213 of 1942 in its pertinent part provides that "The Board shall adopt regulations which shall govern the subdivision of land in Puerto Rico." The amendment introduced to this Section by Act No. 475 of May 15, 1947, (Sess. Laws, p. 1070) does not alter in any way the above statement.